UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **VERONICA G. McGREGOR,** | } |
| Plaintiff, | } |
| v. | } Case No.: 1:15-mc-00143-RDP |
| **ASSET ACCEPTANCE, LLC,** | } |
| Defendant. | } |

## MEMORANDUM OPINION

Before the court is Plaintiff's Motion for Withdrawal of Reference (Doc. 1-1), filed December 27, 2014. For the reasons discussed below, the court concludes that the motion is due to be granted.

**I.     Background**

This adversary proceeding arises from Plaintiff Veronica G. McGregor's allegations that Defendant Asset Acceptance, by and through counsel, made certain unlawful statements (*i.e.*, false and misleading representations regarding a debt that was previously paid and discharged through Plaintiff's bankruptcy case) to Plaintiff's contemplated lender, Mutual Savings Credit Union, while Plaintiff and her husband were pursuing the purchase of a home. (Doc. 1-2, ¶ 2).[1]

According to Plaintiff's Complaint, the representations of Defendant's attorneys' resulted in multiple violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Counts One through Four), and a discharge violation under 11 U.S.C. § 1328(a) (Count Five). (Doc. 1-2, at ¶¶ 1, 48-69). Plaintiff demanded a jury trial. (Doc. 1-1, at 2). On January

---

[1] Specifically, Plaintiff's Complaint alleges that Defendant falsely claimed that a judgment lien survived Plaintiff's bankruptcy, and that in its letter, Defendant offered to release the lien if a $3,000 payment was made toward interest that had accrued on the judgment. (*See* Doc. 1-2, at ¶¶ 34-42).

26, 2015, Plaintiff filed a Motion for Withdrawal of Reference. (Doc. 1). The Motion has been fully briefed and is ripe for decision. (Docs. 2, 3).

## II. Discussion

Plaintiff requests the court to withdraw the reference with respect to this adversary proceeding for three reasons: (1) resolution of this matter will require the court to substantially and materially consider the FDCPA; (2) discharge allegations arises out of the same facts and circumstances as those forming the basis of the alleged FDCPA violations; and (3) Plaintiff has demanded a jury trial. (*See* Doc. 1-1, ¶¶ 2-4).

District courts possess "original and exclusive jurisdiction of all cases under title 11" of the Bankruptcy Code. 28 U.S.C. § 1334(a). District courts are permitted, however, to refer all cases to the bankruptcy court to the extent that they arise under, arise in, or relate to a case under Title 11. *Id.* at § 157(a). This court has entered such a general order of reference. *See United States v. ILCO, Inc.*, 48 B.R. 1016, 1020 (N.D. Ala. 1985). The reference that applies to this Chapter 13 case, however, is not absolute. Title 28 U.S.C. § 157(d) provides for the withdrawal of the reference under limited circumstances, either as a mandatory matter or as a permissive matter. The court addresses each theory in turn, and for the reasons outlined below, the court agrees that withdrawal of the reference here is appropriate.

### A. Mandatory Withdrawal

Plaintiff argues that the court is required to withdraw the reference in this proceeding because resolution of Plaintiff's FDCPA claims involves substantial and material consideration of federal non-Bankruptcy Code law.[2] The court agrees.

---

[2] As an initial matter, Count Five of Plaintiff's Complaint, alleging a violation of a bankruptcy court's discharge injunction, does not provide a basis for a mandatory withdrawal. A discharge violation is unquestionably a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and therefore the bankruptcy court has jurisdiction to adjudicate the claim pursuant to 28 U.S.C. §§ 157(b) and 1334, and has authority to enter a final order with respect

2

Mandatory withdrawal by a district court is required "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Some courts, citing the statute's plain language, have held that withdrawal is required if any consideration of a non-Title 11 federal law is necessary to resolve a dispute. *See, e.g.*, *In re Kiefer*, 276 B.R. 196, 199 (E.D. Mich. 2002). However, district courts within the Eleventh Circuit have found that "withdrawal should be granted only if the current proceeding could not be resolved without substantial and material consideration of the non-Code federal law." *See, e.g.*, *Birgans v. Magnolia Auto Sales*, Case No. 5:12-mc-03830-CLS, 2012 WL 6000339, *2 (N.D. Ala. Nov. 30, 2012) (citation omitted); *In re Price*, Case No. 2:06-mc-3317-MHT, 2007 WL 2332536, at *2 (M.D. Ala. Aug. 13, 2007); *Abrahams v. Phil-Con Servs., LLC*, Case No. 2:10-cv-00326-WS-N, 2010 WL 4875581, *2 (S.D. Ala. Nov. 23, 2010). Under this approach, in order for withdrawal to be warranted, "the issues in question [must] require more than the mere application of well-settled or 'hornbook' non-bankruptcy law; significant interpretation of the non-Code statute must be required." *Abrahams*, 2010 WL 4875581, at *2 (citation omitted). This court, in line with other courts in this circuit, will follow this principal in addressing each of Plaintiff's arguments.

It is beyond dispute that the FDCPA is a non-title 11 federal law which affects interstate commerce. 15 U.S.C. § 1692a(6). Therefore, whether withdrawal is required turns on whether substantial and material consideration of the FDCPA is necessary to resolve the dispute.[3]

---

thereto. *See In re Johnson*, No. 03-41916-JJR-13, 2010 WL 3909226, at *1 (Bankr. N.D. Ala. Sept. 30, 2010). Accordingly, Plaintiff's discharge violation does not implicate a mandatory withdrawal, nor does Plaintiff argue that it does. (*See* Doc. 1-2, ¶ 3; Doc. 3, at 4-5). Instead, for the reasons outlined below, whether this court is required to withdraw the reference turns on Plaintiff's FDCPA allegations.

[3] Plaintiff argues that any application of bankruptcy law in this case is relatively straightforward (Doc. 3 at 2), and Defendant counters that resolution of Plaintiff's claims requires a substantial and material consideration of

Although the resolution of Plaintiff's FDCPA claims undoubtedly involves the resolution of various state and bankruptcy law issues,[4] if each of these non-federal, threshold issues are resolved in Plaintiff's favor, the case will be resolved by answering the following question: did Defendant violate the FDCPA when it told Plaintiff's potential lender that a judgment lien survived her bankruptcy, which Defendant would release for $3,000 as payment for the interest that had accrued on the judgment. (*See* Doc. 2, at 3). According to Plaintiff's Complaint, Defendant's representations violated the FDCPA's provisions prohibiting certain false and misleading representations regarding Plaintiff's debt. (Doc. 1-2, at ¶¶ 1, 48-69); *see* 15 U.S.C. §§ 1692e(2), (10), 1692f(6).

The court has no trouble concluding that this issue extends beyond the application of well-settled, non-bankruptcy law. Resolution of the ultimate issue requires significant interpretation of the FDCPA. That is, the court must consider whether a defendant's communications with a third party may be actionable under 15 U.S.C. § 1692e. (*See* Doc. 3, at 3-4). If Defendant's representations to Mutual Savings Credit Union are not actionable, Plaintiff has no basis for her FDCPA claims. On this question, Plaintiff points to the unsettled nature of

---

bankruptcy and state law (Doc. 2, at 4-5). However, these issues are not dispositive of the current Motion. In this case, whether withdrawal is required turns on whether "substantial and material consideration" *of the FDCPA* (*i.e.*, the non-code law involved here) will be necessary to the resolution of the dispute.

[4] In Count One, Plaintiff alleges that Defendant made "false representation[s] of the amount and legal status of the debt," in part because she claims that she "owned no equity in any property[,] [and so] the unsecured creditors were not entitled to any interest on their claimed debts." (Doc. 11, ¶¶ 50-51). In Count Two, Plaintiff alleges that Defendant misrepresented the effect of her payment on its proof of claim on the survival of its underlying judicial lien. (*Id.* at ¶¶ 55-59). In Count Three, Plaintiff alleges, in relevant part, that Defendant's "recorded judgment could not attach to anything . . . [s]ince Plaintiff never owned any property that could be charged with payment of the judgment." (*Id.* at ¶ 61). Finally, in Count Four, Plaintiff alleges that Defendant misrepresented facts when "telling Mutual Savings' representative over the phone that the judgment lien would 'follow' Plaintiff or attach to property acquired after her bankruptcy discharge." (*Id.* at ¶ 68).

According to Defendant, it necessarily follows that, in order to assess the merits of Plaintiff's claims, the court must: (1) determine whether Defendant's judgment lien could have attached to any of Plaintiff's property prior to the filing of her issue of bankruptcy petition, and, if so, which class of creditors could claim interest; and (2) analyze Alabama law on the attachment and existence of judgment liens. (Doc. 2, at 5).

whether the FDCPA requires misrepresentations be made directly to the debtor, argues that there are no controlling decisions,[5] and that a circuit split exists on the issue.[6]  (Doc. 3, at 3).

---

[5] The court's research confirms that the Eleventh Circuit has not yet spoken directly on the issue.

[6] A review of the case law confirms Plaintiff's observation regarding a split in the circuits.  As noted in more detail below, Sixth Circuit case law appears to favor Plaintiff's position that certain third-party communications may be actionable under the FDCPA; however, case law from the Second, Seventh, and Eighth Circuits provides that only statements directed to the debtor are actionable.

In *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355 (6th Cir. 2012), a borrower and her husband brought an FDCPA action alleging that a mortgage lender, its purported assignee, and loan servicer improperly failed to acknowledge payments and engaged in improper collection practices. *Id.* at 355.  The Sixth Circuit held that allegations that the defendant debt collectors "impermissibly communicated with third parties concerning [the plaintiff's] asserted outstanding debt, . . . and that [the defendants] have falsely reported the amount of debt [that plaintiff and her husband] owe (or don't owe) to the credit reporting agencies and to other parties" was sufficient to state a plausible claim for relief under sections 1692c and 1692e.  *Id.* at 363.

Contrary to the decision in *Bridge*, in *Kropelnicki v. Siegal*, 290 F.3d 118, 130 (2d Cir. 2002), the Second Circuit held that a plaintiff could not sustain a cause of action under the FDCPA based on a communication that was not directed at the debtor. *Id.* at 123.  In *Kropelnicki*, debt collectors sought repayment on an unpaid balance due on a credit card held by the plaintiff's daughter, and on which the plaintiff was liable as a "supplemental cardholder." *Id.* at 123.  During the debt collection, the defendants sent a letter addressed to plaintiff's daughter, who lived at plaintiff's house, informing the daughter that a judgment had been entered against her (the daughter) on the outstanding debt. *Id.* at 124.  Subsequently, the plaintiff attempted to assert a claim under § 1692e, alleging that defendants' letter contained "false, deceptive or misleading representations made in connection with the collection of [their] debt." *Id.* at 129-30.  The Second Circuit concluded that "[i]n order to make out this claim, [the plaintiff] must first show that the letter was a communication *to her.*  This she cannot do because the letter was only addressed to [plaintiff's daughter], and was therefore not a communication with [the plaintiff] at all." *Id.* at 130; *see also Schuh v. Druckman & Sinel, LLP*, 751 F. Supp. 2d 542, 548 (S.D.N.Y. 2010) (stating "a plaintiff cannot prevail in a claim under the FDCPA merely by showing that the communication from the debt collector conveying information about a debt was transmitted to just anybody.  Rather, the plaintiff 'must first show that the [communication] was a communication . . . to the debtor herself.'  " (quoting *Kropelnicki*, 290 F.3d at 548)).

Similarly, *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941-42 (7th Cir. 2011), the Seventh Circuit held that a plaintiff could not sustain a § 1692e cause of action against a debt collector based on a third-party communication. *Id.* at 943-44.  In *O'Rourke*, the plaintiff attempted to base a FDCPA claim on an allegedly false statement made by the defendant debt collector to a state court judge. *Id.* at 940-41.  The dispute began when defendant debt collector brought a state court action to collect on an unpaid credit card balance. *Id.* at 939.  Attached to defendants' state court complaint was an exhibit that closely resembled a credit card statement listing the balance the plaintiff owed and placing the defendant in the place of the issuer. *Id.* at 939.  The plaintiff sued in federal court claiming that the attachment violated the FDCPA, 15 U.S.C. § 1692e(2), (10).  *See id.* at 939, 941.  Atypically, the plaintiff claimed that the attachment was actionable because it was meant to mislead the state court judge. *Id.* at 939.  The Seventh Circuit engaged in a substantial interpretation of the FDCPA, concluding in relevant part:

> As a general matter, [the FDCPA] and its protections do not extend to third parties. Although courts have extended [the FDCPA's] prohibitions to some statements made to a consumer's attorney, and to others who can be said to stand in the consumer's shoes, none has extended [the FDCPA] to persons who do not have a special relationship with the consumer. [T]he Act is limited to protecting consumers and those who have a special relationship with the consumer -- such that the Act is still protecting the consumer -- from statements that would mislead these consumers. The Act is not similarly interested in protecting third parties.
>
> By drawing the line at communications directed at consumers -- "any natural person obligated or allegedly obligated to pay any debt" -- and those who stand in their shoes, [the FDCPA] fits its purpose: protecting consumers. This gives consumers the full breadth of protection that [the

5

It would be, of course, improper for this court to weigh in on the merits of this circuit split here; rather, the court merely recognizes that (1) the split exists, (2) the Eleventh Circuit has not yet weighed in on the question, and (3) the answer to the question is most likely dispositive of the relevant claims asserted here. Therefore, because this proceeding will likely require a substantial and material consideration of the FDCPA, the court must withdraw the reference.

### B.  Permissive Withdrawal

Even if withdrawal is not *required* as to any of Plaintiff's claims, the court concludes it should exercise its discretion to permissively withdraw all five counts of Plaintiff's Complaint.[7] Section 157(d) permits the district court to withdraw, "in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for

---

FDCPA] permits and keeps us from reading into [the FDCPA] whatever implausible ends [the plaintiff's] lawyers can conjure up. This also avoids the arbitrary "class designation" of whether the third party has "an extremely consequential role in the debt collection process."  And it keeps us safe from the practical difficulty of parsing claims about whether a communication directed at a third party is actionable. Thus, we read [the FDCPA's] protections as extending to consumers and those who stand in the consumer's shoes and no others.

*O'Rourke*, 635 F.3d at 943-44 (internal footnotes and citations omitted).
Finally, the Eighth Circuit has also spoken plainly to the issue. "The weight of authority applying section 1692e does so in the context of a debt collector making a false, deceptive, or misleading representation *to the plaintiff*." *Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 954 (8th Cir. 2006) (emphasis in the original) (the false statements at issue were not made to the consumer but between a check guarantee company and a returned-check processor); *see also Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 818 (8th Cir. 2012). Although neither the Second, Sixth, Seventh, or Eighth Circuits have spoken directly to the factual circumstance presented here, their case law reflects different interpretations of the FDCPA.

[7] Notwithstanding Defendant's arguments otherwise, the court is authorized by 28 U.S.C. § 157(d) to withdraw not only Plaintiff's FDCPA violations, but her claim regarding alleged related discharge violations. Inexplicably, Defendant repeatedly asserts that "*only* the Bankruptcy Court has jurisdiction to address the violation of the discharge injunction [Plaintiff] asserts in Count 5." (Doc. 2, at 1 (emphasis in original)).  To the contrary, the federal district court has original but not exclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157(a), the district court has discretion to refer to the bankruptcy judge "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." As discussed above, this district has issued a general order of reference automatically referring to the bankruptcy judges for the district "all cases under title 11 and all proceedings arising under title 11 or arising in or related to a case under title 11."  See *ILCO, Inc.*, 48 B.R. at 1020. Once referred, 28 U.S.C. § 157(d) authorizes the court to withdraw any reference for cause shown. It is not disputed that Plaintiff's discharge violation "arises under title 11." Therefore, under 28 U.S.C. § 157(d), as a matter initially "referred under this section" (*i.e.*, § 157), the district court is authorized to withdraw Plaintiff's discharge claim (which alleges a violation of 11 U.S.C. § 1328(a)) for good cause.

6

cause shown." 28 U.S.C. § 157(d). "The decision whether to withdraw the reference is committed to the district court's discretion." *Abrahams*, 2010 WL 4875581, at *3 (citing *In re Tate*, Case No. 09-cv-0039, 2010 WL 320488 at *8 (S.D. Ala. Jan. 18, 2010)). In determining whether there is cause for withdrawal of a reference, the Eleventh Circuit directs the courts to "consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 742 (11th Cir. 2000) (quoting *In re Parklane/Atl. Joint Venture*, 927 F.2d 532, 536 n.5 (11th Cir. 1991); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985)). "Additional factors that may be considered include: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *Price*, 2007 WL 2332536, at *2; *BankUnited Fin. Corp. v. FDIC*, 436 B.R. 216, 220 (S.D. Fla. 2010).

Plaintiff has demonstrated sufficient cause to withdraw each count of Plaintiff's Complaint. As discussed in more detail above, Plaintiff's FDCPA claims are indisputably non-core, and it is at least arguable that the court will be required to interpret a non-Code statute in deciding those claims. To the extent that this court will decide Plaintiff's FDCPA claims, with respect to the discharge violation claim, judicial economy favors not severing Plaintiff's Complaint. (*See* Doc. 2, at 3 ("All five of [Plaintiff's] claims are based upon the same conduct . . . .")). In addition, it is in the interest of all parties for the court to take up Plaintiff's allegation regarding discharge violations in order to provide uniform rulings and prevent the needless confusion and delay that would likely result from separate proceedings. Plaintiff's bankruptcy estate is closed. Allowing the bankruptcy court to hear Plaintiff's claims would do little, if anything, to facilitate the bankruptcy process. Finally, Plaintiff has made a jury demand

(Doc. 1-1, at ¶ 2), which also counsels in favor of withdrawal. Although no single factor applied here is dispositive, taken together, all the factors weigh in favor of the court permitting withdrawal. Therefore, having determined that Plaintiff has presented sufficient cause, the court concludes that it should exercise its discretion and withdraw all five counts of Plaintiff's Complaint. (Doc. 1-2).

### III.    Conclusion

For the reasons stated above, Plaintiff's Motion to Withdraw the Reference (Doc. 1) is due to be granted.

A separate order will be entered.

**DONE** and **ORDERED** this June 16, 2015.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE